ROTH et al. v. HARRIS.

(Circuit Court, N. D. New York.  May 28, 1908.)

1. PATENTS—INVENTION—ATTACHMENT FOR PIANO PLAYERS.
    The Whitmore patent, No. 791,967, for an attachment for piano players,
    is void for lack of novelty and patentable invention.

2. SAME—INFRINGEMENT.
    The Hobart patent, No. 765,240, for a tune sheet attachment for piano
    players, was not anticipated and discloses invention in respect to the de-
    tachable box containing the tune sheet and feed roller.  Also, *held* in-
    fringed.

In Equity.

Frank v. Briesen (Hans v. Briesen and Arthur v. Briesen, of coun-
sel), for complainants.

Kerr, Page & Cooper, for defendant.

HOLT, District Judge.  This is a suit to enjoin the infringement of
two letters patent, one granted to Frederick C. Whitmore, on June 6,
1905, No. 791,967, for an attachment for piano players, and the other
granted to Adam Hobart, on July 19, 1904, No. 765,240, for tune sheet
attachments.  Claims 3, 4, and 5 of the Whitmore patent, and claims 1,
2, 3, 4, and 6 of the Hobart patent are alleged to be infringed.  The
patents in suit relate to certain alleged improvements in tune sheet at-
tachments for self-playing or automatic pianos or similar musical in-
struments.

Claims 3 and 4 of the Whitmore patent seem to me to contain noth-
ing new.  In every art in which, for any purpose, it is desired to feed
a band of paper or other material, feed rolls with presser rolls are used
to effect the proper frictional engagement of the band with the feed
roll.  This arrangement is shown in patents for typewriting machines,
as the patents to Merritt and to Webb, and for mechanical musical
instruments, as in the patents to Welin and Batsdorf and others.  The
only claim of novelty in the combination described in claim 5 of the
Whitmore patent is the use of a separator to prevent the portion of
the endless perforated sheet as it revolves, which is not being pressed
against the tracker, from being drawn into it by pneumatic action, or
otherwise.  I think that this claim of a separator is fully anticipated
by the patent to Batsdorf.  In that patent, there is a separator referred
to as a tension frame.  It is described by one of the counsel as a two-
pronged fork.  It is probably true that a solid separator, such as is
used in Whitmore's patent, is more efficient; but claim 5 does not
claim any particular shape for the separator, and I think that the sub-
stitution of a separator broad enough to work well, instead of the
wire separator suggested by Batsdorf, does not amount to invention.
I think therefore that the complainants are not entitled to recover for
an infringement of the Whitmore patent.

The five claims in the Hobart patent relied on all relate to auto-
pneumatic pianos having certain combinations, all of which are old
except the detachable box containing the tune sheet and feed roller,
arranged so as to be easily detached from the piano.  Previous to

Hobart's invention, the box or case containing the tune sheet and the feed roller was attached to the piano frame, and it was inconvenient to change the tune sheet when it was wished to change the music. Hobart's patent provided for placing the feed roller in a box, slidable upon brackets, and easily withdrawn from the piano. The defendant cites several previous patents showing various methods of moving the attachment to the piano containing the feed roller and the tune sheet, so that the tune sheet can be more conveniently changed than if the attachment was permanently fixed in the piano; but most of these arrangements leave the apparatus attached to some extent to the piano, and none of them seems to me to be sufficiently similar to the Hobart device to amount to an anticipation. The device is practically useful and has been commercially successful, and I think that it involves sufficient invention to make a patent issued for it valid. The pianos made by the defendant use substantially the same device, and, in my opinion, there is no doubt that the charge of infringement is sustained. A man named Goolman originally claimed to have made the invention, and made an application for a similar patent in the Patent Office. An interference was declared between Hobart and Goolman. The interference was decided by the examiner in favor of Goolman; but on an appeal subsequently taken to the Board of Examiners in Chief the decision was reversed. This decision was affirmed by the assistant commissioner, and his decision has been affirmed since the argument of this case by the Court of Appeals in the District of Columbia. Goolman was originally a member of the firm doing business as the Automatic Musical Company, and the automatic pianos manufactured by the defendant were made in conformity with Goolman's alleged invention.

My conclusion is that the complainants are not entitled to a decree on the Whitmore patent, but are entitled to a decree on the Hobart patent.